BEER, Judge.
We granted certiorari in order to review the correctness of the district court’s rulings of September 23, 1977 and October 7, 1977 which have had the combined effect of continuing, in full force and effect, a temporary restraining order that had originally expired in August of 1977 and dismissing a rule to test the surety on a bond filed by respondent in rule, Hazel Livingston, wife of Joseph Folse Roy. Initially, we addressed the question of whether or not an admittedly expired temporary restraining order can be “extended” by oral motion.
Although the Code of Civil Procedure provides that extensions of a temporary restraining order may be granted provided that none are extended by the court for a period in excess of ten days, the verbiage of those several articles dealing generally with temporary restraining orders sound a certain note of urgency. For example, article 3606 provides that when a temporary restraining order is granted, the application for preliminary injunction is to be heard “at the earliest possible time” and “shall take precedence over all matters except older matters of the same character.” It is available only upon a verified petition supported by sworn allegations of immediate and irreparable injury, and the order for same must show not only the date and hour of issuance but “why” it was granted. There is good reason for this. A temporary restraining order is, as the name implies, a transitory restraint intended to provide only a brief, tentative holding of the line and is clearly not available as a convenience item for the use of attorneys and litigants.
Accordingly, we conclude that the informal, summary manner in which the temporary restraining order with which we are here concerned has been, on several occasions, “extended” was inadequate and insufficient.
Although this determination essentially renders moot our inquiry into the sufficiency of the surety, we make the following observations for such guidance as may be useful to the litigants and their counsel and for such consideration as a reviewing court may wish to give:
In our view, Mr. Andy Roy has not shown an acceptable level of ability to pay the amount for which he seeks to stand as surety. Black’s Law Dictionary describes “solvency” as “ability to pay debts as they mature; ability to pay debts in the usual and ordinary course of business” and goes on to describe same as “such attitude of a person’s property as that it may be reached and subjected by process of law, without his consent, to the payment of such debts.” His situation does not fit any of those definitions.
Our review of the testimony and notes of evidence taken on October 7,1977 lead us to the firm conclusion that, at least as of that date, and pursuant to that record, Andy Roy was not a solvent and sufficient surety, and it was manifest error to so conclude.
The temporary restraining order is dissolved. All costs of this appeal are taxed against respondent, Hazel Livingston, wife of Joseph Folse Roy. •
REVERSED AND RENDERED.